CUTRER, Judge.
Andrew J. Fisk, Sr., and his wife, Pearl Grantham Fisk, sued their only child, Andrew J. Fisk, Jr., and his ex-wife, Janey Safford Fisk, to have a “sale and assumption of deed” set aside;[1] plaintiffs, alternatively, sought to have the defendants ordered to reimburse plaintiffs for a certain amount of money advanced to defendants by plaintiffs. After a non-jury trial the plaintiffs’ demands were dismissed.[2] Plaintiffs appeal and we affirm.
This appeal raises two separate, but factually related, issues. First, can the plaintiffs successfully attack, for failure of corn sideration, the “sale and assumption deed” they entered into with defendants, the stated consideration therein being that defendants would assume an existing mortgage, when evidence introduced by plaintiffs shows the mortgage has been paid in full?
Secondly, if plaintiffs cannot rescind the sale, are plaintiffs in this case due reimbursement by defendants for certain sums which plaintiffs provided defendants while defendants were paying off the mortgage referred to in the deed?
We will discuss each of these issues, in turn, after reviewing the facts of this case.
FACTS
In March 1973, the plaintiffs mortgaged three tracts of land, totaling 25.67 acres, to secure a loan of $18,000.00. The proceeds from this loan were used to pay for the construction of a new home for plaintiffs. In April 1973, after plaintiffs had made one payment on the loan, the plaintiffs sold to defendants 35.67 acres of land; this sale included the land previously mortgaged and an additional 10 acre tract. The stated consideration in the deed of sale was defendants’ assumption of the obligation of paying the $18,000.00 loan. After this sale the defendants became the owners of the land specified and two residences located thereon. One of the residences defendants acquired was the new home recently built by plaintiffs.
The defendants moved into the older home on the property and began making the periodic payments called for in the original mortgage. In August 1981, seven months before the instant suit was filed, *882 the plaintiffs, using the proceeds from a check issued to the defendants, paid the mortgage in full.[3] Throughout this time plaintiffs continued to live in the newer residence on defendants’ land.
Between the date of sale, April 25, 1973, and the time the mortgage was paid in full, August 4, 1981, plaintiffs sent to defendants, on a more or less regular basis, an amount equal to the monthly payments defendants had agreed to pay. Defendants, on their joint personal income tax returns, deducted the interest paid on the mortgage and, according to Janey Safford Fisk, reported the payments from plaintiffs as rental income. The plaintiffs deny they paid rent to defendants and Andrew J. Fisk, Jr., characterizes the payments from plaintiffs as a loan.[4]
RESCISSION OF THE SALE
The plaintiffs brought suit seeking to have the sale rescinded or, alternatively, to have defendants ordered to repay the amounts advanced to defendants by plaintiffs. The trial judge succinctly disposed of plaintiffs’ first issue as follows:

“Plaintiff seek to set aside this deed for failure to pay consideration. The stated consideration in the deed was to be the assumption of the payment by the defendants of a certain promissory note. This note dated March 16, 1973, in the amount of $18,000.00 was executed by Mr. Fisk, Sr., to the J.B. Edwards Trust, to be paid at the rate of $209.00 per month.

“The ... issue ... is whether or not the defendants complied with this obligation to assume the promissory note payments to the J.B. Edwards Trust. If they did, then consideration was paid and the deed may not be set aside for failure to pay the stated consideration.
“Defendant, Janey Fisk, introduced into evidence numerous checks written on her and Mr. Fisk, Jr. ⅛ joint account in the amounts of $209.00 to the J.B. Edwards Trust. The Court finds this evidence sufficient to prove that the defendants did in fact make the payments on the obligation they assumed. Thus, the sale and assumption deed of April 25, 1973, is valid because consideration was paid. ”
Generally, a party to an authentic act concerning the sale of immovable property cannot attack that sale on the basis of failure of consideration unless the attacking party alleges fraud, mutual error or coercion, or unless he produces evidence in the nature of a counter letter, or unless lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. See LSA-C.C. art. 2236, and the cases interpreting it. Plaintiffs in this case have made none of the above required allegations or showings. In addition to defendants’ evidence referred to by the trial judge plaintiffs themselves introduced a copy of the original mortgage *883 held by the J.B. Edwards Trust which contained the notation “Paid in Full.” The trial judge correctly found that consideration was paid.
Prior to trial defendants filed an exception of no cause of action referring to plaintiffs’ main demand for rescission of the sale. The trial judge denied the exception and proceeded to trial. In this appeal defendant, Janey Safford Fisk, answered the appeal and reurged the no cause of action exception. Our review of the record in this case convinces us the trial judge correctly denied the no cause of action exception prior to trial. The evidence relied upon by the trial judge in ultimately dismissing plaintiffs’ primary claim was not available at the time the exception was denied. We affirm the dismissal of plaintiffs’ primary demand for the reasons stated by the trial judge.[5]
REIMBURSEMENT
Having found the plaintiffs cannot rescind their sale to defendants we must address their alternative demand, that being, the claim that defendants owe reimbursement to plaintiffs in an amount equal to the payments defendants made on the mortgage. We agree with the trial judge’ finding concerning the basis of plaintiff’s second demand; the trial judge stated:
“There is no doubt that the ultimate source of the money for the payment of this debt was Mr. Fisk, Sr. [plaintiff]

The trial judge continued his statement and enunciated the issue raised by the plaintiffs’ second demand when he said:
“but there is doubt as to the purpose behind the payments which Mr. Fisk, Sr., made to the defendants while this note was being paid off. ”
The trial judge found that the payments from plaintiffs to defendants were gifts and as such no reimbursement was due. The trial judge was apparently influenced by the fact that defendant, Mr. Fisk, Jr., was the son and only child of the plaintiffs and the testimony of the parties which seemed to indicate that the parties entered into this transaction to allow certain beneficial tax consequences to enure to defendants’ benefit. However, in light of an answer, by defendant, Janey Safford Fisk, to plaintiffs’ request for admissions the trial judge erred in finding that the payments made by the plaintiffs were gifts to defendants.
Pursuant to LSA-C.C.P. art. 1466 et seq. plaintiffs submitted to defendants certain requests for admissions. Defendant, Janey Safford Fisk, alone, made the following response thereto:
“Janey Safford Fisk, hereby denies that Andrew Fisk, Sr. provided money to pay any promissory note dated March 16th, 1973 or gave either herself or the community of acquets and gains existing between Andrew J. Fisk, Jr. and Janey Safford Fisk any gratuitous donations or any sums of money without consideration. ”
C.C.P. art. 1468 provides, in part, “Any matter admitted under this rule is conclusively established .... ” In view of Janey Fisk’s answer to the request for admissions denying that payments by the plaintiffs were “gratuitous donations,” we conclude *884 that the trial judge was clearly wrong in finding that the sums advanced by plaintiffs to defendants were gifts.
However, we affirm the trial judge’s dismissal of the plaintiffs’ alternative demand for reimbursement on other grounds. Janey Safford Fisk testified that the payments defendants received from plaintiffs constituted rental payments for the plaintiffs’ use of the newer residence located on land the defendants purchased in the April 1973, act of sale. Defendants became owners of that new residence and had a right to charge such rent. Janey Safford Fisk also testified that she had conversations with her husband, Mr. Fisk, Jr., concerning the rental nature of the payments and, perhaps most importantly, she testified that the payments from plaintiffs were reported to the Internal Revenue Service as rental income. Mr. Fisk, Jr., was at the trial and he was not called to contradict this testimony of his wife. Plaintiff’s (Mr. Fisk, Sr.) testimony to the contrary is overcome by defendant’s (Mrs. Fisk, Jr.) testimony and plaintiffs’ failure to contradict same through Mr. Fisk, Jr.’s testimony; Mr. Fisk, Jr., being at trial and obviously a friendly witness toward plaintiffs.
We find, after reviewing the record before us, that the payments made by plaintiffs to defendants, during the time the defendants were paying the mortgage, were rental payments. Being rental payments defendants are under no obligation to “reimburse” plaintiffs these amounts.
For the reasons stated above the decision of the trial court is affirmed. All costs of this appeal to be paid by plaintiffs-appellants.
AFFIRMED.

. To avoid confusion between the parties (four persons named Fisk and two of those being Sr. and Jr. respectively) we will refer to them simply as plaintiffs and defendants.

. Our perusal of the record reveals that Janey Safford Fisk filed a third party demand against her husband, Andrew J. Fisk, Jr., alleging that he had conspired with his parents, plaintiffs in the main demand, to defraud her of her community property interests. Included in her petition was a prayer that she be allowed to proceed in the third party action in forma pauperis. The trial judge never signed the proposed order which would have allowed Janey Fisk to proceed without paying costs. The record contains no disposition of this third party demand and it is not argued on appeal. We will not consider it further.

. The check mentioned above represented payment, by an oil company, for a mineral lease granted by defendants, as owners of the property-

. The testimony of Mr. Fisk, Jr., is given little, if any, weight. We agree with, and quote, the trial judge’s reasons for this:
"Defendant, Mr. Fisk, Jr., although he never answered this suit, did appear and testify that his father loaned him and his wife the money to pay off the note. Mrs. Fisk, Jr., however, testified that the payments by Mr. Fisk, Sr., were not loans but were rental payments for his [Fisk, Sr.] being allowed to stay and live on the property for his remaining years. There was also testimony that Mr. Fisk, Jr. and Mr. Fisk, Sr., intermingling [sic] funds over this period of time.
"Mr. Fisk, Jr.'s position is one that requires close scrutiny. Should this Court decide that no consideration was paid by defendants, then this rather valuable piece of property would be removed from the community property in the pending community property dispute [between Fisk, Jr., and Janey Safford Fisk], This would make Mr. Fisk, Jr., the sole heir to the property and eliminate Mrs. Fisk, Jr.’s property interest.
“It is apparent to this Court that had there not been a marital breakup between the defendants, then the present action would not have been instituted.”
We note Mr. Fisk, Jr. filed no answer. The plaintiffs’ entered a preliminary default against Fisk, Jr., thus, he could benefit from his wife’s defense in the suit.

. This case does not involve the same issue normally found in the cases which interpret the parol evidence rule of C.C. art. 2236 to preclude a cause of action by a party to an authentic act. The great majority of the cases, finding no cause of action, are based on acts of sale which recite a specific consideration "in hand received." A party to an authentic act containing such a stipulation cannot later challenge the recital unless he urges one or more of the specified factual situations referred to in text above.
In the instant case, the recited consideration was that defendants would, in the future, make the periodic payments plaintiffs originally were obligated to make. Plaintiffs here are not challenging an "in hand” recital; rather, they are saying defendants failed to make payments on, essentially, a credit sale. When plaintiffs themselves introduced the original mortgage bearing the "Paid in Full” inscription, they, plaintiffs, proved consideration had been paid. The trial judge properly dismissed that portion of the plaintiffs’ suit on the merits and we affirm that dismissal, on the merits.